IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON MONTES,           )
     Movant,         )
                  )
v.                   )     No.    3:19-CV-1698-E-BH
                  )              (3:06-CR-0328-N (01))
UNITED STATES OF AMERICA,  )
     Respondent.     )

### AGREED ORDER GRANTING 28 U.S.C. § 2255 MOTION

After a trial, a direct appeal, and an unsuccessful first Section 2255 motion, Montes currently stands convicted of eight counts of conspiracy to commit bank robbery (Counts 5, 9, 13, 17, 21, 25, 29, 33), eight counts of bank robbery (Counts 7, 11, 15, 19, 23, 27, 31, and 35), and 16 counts of using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, and 36). (CR Nos. 123, 159.)[1]

On July 11, 2019, Montes filed a successive Section 2255 motion in this Court arguing that all of his Section 924(c) convictions should be vacated because they were predicated on offenses that were no longer considered crimes of violence. (CV No. 2 at 4, 12.) The Court transferred the motion to the Fifth Circuit so that Montes could seek successive authorization. (CV Nos. 19, 23.) On

---

[1] "CR No. __" refers to the docket of the underlying criminal proceeding. "CV No. __" refers to the docket of this Section 2255 action. Other documents, like the presentence report (PSR), will be referenced by their abbreviated title.

June 29, 2021, the Fifth Circuit granted Montes tentative authorization to file a successive Section 2255 motion based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), but only as to the Section 924(c) convictions predicated on conspiracy to commit bank robbery.  (CV No. 24.)

The Supreme Court's decision in *Davis* voided for vagueness the residual clause of Section 924(c), Section 924(c)(3)(B).  After *Davis*, eight of Montes's sixteen Section 924(c) convictions—the ones predicated on conspiracy to commit bank robbery (Counts 6, 10, 14, 18, 22, 26, 30, and 34)—are no longer valid because, assuming *Davis* applies retroactively to Montes's successive Section 2255 motion,[2] Section 924(c)(3)(B) is no longer valid, and conspiracy to commit bank robbery does not qualify as a proper predicate under the elements clause, Section 924(c)(3)(A).  *See United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) (noting that, while federal bank robbery qualifies as a crime of violence under Section 924(c)'s elements clause, a conviction for *conspiracy* to commit bank robbery does not).

Eight of Montes's Section 924(c) convictions were predicated on conspiracy to commit bank robbery—Counts 6, 10, 14, 18, 22, 26, 30,  and 34. (CR Nos. 123, 159.)  Montes and the Government agree, and the Court concurs

---

[2] *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (holding that "*Davis* announced a new rule of constitutional law retroactively applicable on a *first* habeas petition") (emphasis added).  While the parties' position is that *Davis* applies retroactively to successive, as well as to first, Section 2255 motions, the Fifth Circuit has expressed skepticism with this view.  *See In re Hall*, 979 F.3d 339, 342 (5th Cir. 2020).

that, as to those counts, Montes has met the procedural requirements for a successive Section 2255 motion,[3] that his convictions and sentences on Counts 6, 10, 14, 18, 22, 26, 30, and 34 must be vacated, that the sentences on the remaining counts be vacated, and that he should be resentenced on all remaining counts.

Accordingly, Montes's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is thus **GRANTED** as set out in this order. **IT IS SO ORDERED.**

Signed this 9th day of September, 2021.

_____
ADA BROWN
United States District Judge

---

[3]As the Fifth Circuit has explained, under 28 U.S.C. §§ 2244(b) and 2255(h), "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). "There are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *Id.* (internal citation omitted). First, the prisoner must make a "prima facie showing" to the circuit court "that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *Id.* (quoting 28 U.S.C. §§ 2244(b), 2255(h)). Second, after receiving permission from the circuit court to file a successive motion, "the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)). Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive motion without reaching the merits. *Id.*

Agreed as to form:

PRERAK SHAH
Acting United States Attorney

*s/ Amy J. Mitchell*
AMY J. MITCHELL
Assistant United States Attorney
Texas Bar No. 24029734
Oklahoma Bar No. 17674
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8771
Facsimile: 214-659-8802
amy.mitchell@usdoj.gov

**Attorneys for the United States**

s/ Rafael de la Garza
Rafael de la Garza
3941 Legacy Drive, Suite 201-A192
Plano, TX 75023
Phone:  214-740-1708
Email:  rdelagarzalaw@yahoo.com

**Attorney for Jason Montes**